John K. Buche (SBN 239477) (Local Counsel)
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel: (858) 459-9111
Fax: (858) 430-2426
jbuche@buchelaw.com

Andrew Rozynski (seeking *pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
arozynski@eandblaw.com

*Attorneys for Plaintiff*
*Melvin Patterson*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| MELVIN PATTERSON,<br><br>    *Plaintiff*,<br><br>    v.<br><br>SIX FLAGS THEME PARKS INC.;<br>SIX FLAGS ENTERTAINMENT CORP.;<br>and PARK MANAGEMENT CORP.,<br><br>    *Defendants*. | **Civil Action No.:**<br><br>**COMPLAINT** |

Plaintiff Melvin Patterson states his Complaint against Defendants Six Flags Theme Parks Inc.; Six Flags Entertainment Corp.; and Park Management Corp. ("Defendants") based upon personal knowledge and information and belief:

1

# INTRODUCTION

1. Plaintiff Melvin Patterson is deaf and communicates primarily in American Sign Language ("ASL").

2. As a deaf American, Mr. Patterson has the right to meaningfully access, enjoy, and participate in society just as hearing persons do.

3. Mr. Patterson and his family frequently visit and enjoy amusement parks.

4. Defendants, who operate a Six Flags Discovery Kingdom in Vallejo, California, have prevented Mr. Patterson from exercising that right by refusing to provide him the ASL interpreters he requires to meaningfully access, enjoy, and participate in the entertainment services Defendants offer to the public.

5. Plaintiff repeatedly requested ASL interpreters for himself and his partner of 12 years, but Defendants have refused to provide such interpreters, maintaining that Plaintiff and his family would need to bring such interpreters at their own cost, contrary to federal and state anti-discrimination laws.

6. Based on Plaintiff's experience, it is also evident that Defendants have failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals.

7. Plaintiff brings this lawsuit to compel Defendants to cease their unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity for deaf individuals to access, enjoy, and participate in Defendants' services.

8. Plaintiff brings this action seeking compensatory, nominal, punitive, and statutory damages; declaratory, injunctive, and equitable relief; and attorney's fees and costs to redress Defendants' unlawful discrimination against him on the basis of his disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §

51.

## THE PARTIES

9. Plaintiff Melvin Patterson is an individual residing in Patterson, California. He is a profoundly deaf individual who primarily communicates in American Sign Language. Plaintiff is substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of state and federal civil rights laws.

10. Upon information and belief, defendant Six Flags Theme Parks Inc. is a foreign for-profit corporation doing business in Vallejo, California with a registered address for service at c/o Corporation Service Company dba CSC – Lawyers Incorporating Service, 211 E 7th Street, Suite 620, Austin, TX 78701. Upon information and belief, defendant Six Flags Theme Parks Inc. owns, leases, or operates "Six Flags Discovery Kingdom," an amusement park and place of public accommodation within the meaning of state and federal civil rights laws that is located at 1001 Fairgrounds Dr, Vallejo, CA 94589.

11. Upon information and belief, defendant Six Flags Entertainment Corp. is a foreign for-profit corporation doing business in Vallejo, California with a registered address for service at c/o Corporation Service Company dba CSC – Lawyers Incorporating Service, 211 E 7th Street, Suite 620, Austin, TX 78701. Upon information and belief, defendant Six Flags Entertainment Corp. owns, leases, or operates "Six Flags Discovery Kingdom," an amusement park and place of public accommodation within the meaning of state and federal civil rights laws that is located at 1001 Fairgrounds Dr, Vallejo, CA 94589.

12. Upon information and belief, defendant Park Management Corp. is a foreign for-profit corporation doing business in Vallejo, California with a registered address for service at c/o CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite

3

150N, Sacramento, CA 95833. Upon information and belief, defendant Park Management Corp. owns, leases, or operates "Six Flags Discovery Kingdom," an amusement park and place of public accommodation within the meaning of state and federal civil rights laws that is located at 1001 Fairgrounds Dr, Vallejo, CA 94589.

## JURISDICTION & VENUE

13. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States and supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's state law claims.

14. Venue is proper in this district under 28 U.S.C. § 1391(b) because (i) Defendants are residents of this District, (ii) Defendants have sufficient contacts with this District to subject them to personal jurisdiction and had those contacts at the time this action is commenced, and (iii) the majority of the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

15. Plaintiff Melvin Patterson is a profoundly deaf individual who communicates primarily in American Sign Language. Mr. Patterson, along with Rhona Rodriguez, his partner of 12 years who is also deaf, planned to visit Six Flags Discovery Kingdom with their two children. They frequently visit and enjoy amusement parks together as a family activity.

16. Mr. Patterson and his family are "Gold Plus" members of Six Flags, the largest regional theme park company in the world.[1]

17. Beginning in June 2021, Mr. Patterson agreed to pay $84.69 per month for 12 months for these memberships. Mr. Patterson planned to visit Six Flags Discovery Kingdom with his family at least six times in 2021, and likely more.

18. At all relevant times, Six Flags purported to maintain a policy that deaf

---

[1] *See* https://www.sixflags.com/members.

4

*Melvin Patterson v. Six Flags et al.* – COMPLAINT

visitors can receive ASL interpreting services for their visit by calling a phone number and requesting such services at least seven days before a visit.

19. Accordingly, Mr. Patterson attempted to contact this Six Flags phone number numerous times via video relay service to request ASL interpreters for his and his family's visits to Six Flags Discovery Kingdom in the summer and fall of 2021.[2] Each time, Mr. Patterson was either disconnected or put on hold for over an hour to no avail.

20. Mr. Patterson eventually communicated by video relay service with a Six Flags Guest Relations employee named "Mercedes" who indicated that Mr. Patterson would have to bring an ASL interpreter at his own cost, per Six Flags' "Personal Care Attendant" program that allows guests with disabilities to bring their own "attendant" to the park to accommodate their disabilities.

21. Mr. Patterson also communicated back and forth with Six Flags' Guest Relations throughout the summer and fall of 2021, including an employee named "Juliana," to make repeated written requests for ASL interpreters and to obtain more information about Six Flags' policies with respect to accommodating deaf patrons.

22. At one point, Juliana emailed Mr. Patterson that "I cannot set up an interpreter for you. . . . American Sign Language Interpreting will be available if requested at least 7 days in advance of your visit" and provided a number to call to "arrange for sign language interpreting services."

23. At all other times, however, Juliana and the other Guest Relations employees Mr. Patterson communicated with have maintained that there are no interpreters available, that Mr. Patterson would have to bring his own interpreter to any visits to Six Flags, that Mr. Patterson should have applied for the "Attraction Accessibility Program," and that they would not issue any refunds or cancel his membership despite the refusal to

---

[2] A video relay service allows deaf individuals to communicate with voice telephone users through video equipment and ASL interpretive services provided by a third party. *See* https://www.fcc.gov/consumers/guides/video-relay-services.

accommodate him.

24. To date, Defendants have expressly and repeatedly refused to offer or provide an ASL interpreter to Mr. Patterson for any of his planned visits to Six Flags Discovery Kingdom and have refused to refund Plaintiff for the memberships he purchased in reliance on Six Flags' purported policy of providing ASL interpreters to deaf visitors with seven days' notice. The "Gold Plus" memberships Mr. Patterson purchased for himself and his family members are essentially rendered useless because Defendants refuse to accommodate him in violation of their own policy.

25. Overall, Defendants' discrimination against Plaintiff caused him to emotional distress, including stress, anxiety, humiliation, and frustration. This is especially true because Defendants refuse to refund Plaintiff and his family members' memberships despite refusing to accommodate their disabilities.

26. Defendants knew or should have known of their obligations under state and federal antidiscrimination laws to develop policies to promote compliance with these statutes and to provide reasonable accommodations, including the provision of ASL interpreters to ensure that deaf individuals can meaningfully access, enjoy, and participate in their services.

27. Defendants and their staff knew or should have known that their actions and inactions created an unreasonable risk of causing Plaintiff greater levels of emotional distress than a hearing person would be expected to experience.

28. Plaintiff is entitled to equal access to and enjoyment of services offered by Defendants as are enjoyed by non-disabled persons, but Defendants prevented Plaintiff from doing so by failing to provide ASL interpreters despite acknowledging their obligation to provide such interpreters to deaf customers.

29. In doing so, Defendants intentionally discriminated against Plaintiff and acted with deliberate indifference to his federally-protected rights.

30. Defendants' wrongful and intentional discrimination against Plaintiff on the basis of his disability is reflected by Defendants' failure to train employees and promulgate policies of non-discrimination against deaf individuals.

31. As a result of Defendants' failure to provide ASL interpreters to Plaintiff, he received services that were objectively substandard and that were inferior to those provided to customers who are hearing.

32. Plaintiff wants to visit Six Flags Discovery Kingdom and Defendants' other amusement parks again in the near future because he and his family enjoy amusement parks and Defendants operate one of the largest amusement park companies in the world, but Plaintiff is deterred from doing so because of Defendants' discrimination against him on the basis of his disability and deliberate indifference to his federally-protected rights.

## CAUSES OF ACTION

### CLAIM I: Violations of Title III of the Americans with Disabilities Act

33. Plaintiff incorporates by reference all preceding paragraphs and realleges them in support of this claim.

34. At all times relevant to the action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendants' conduct.

35. Defendants own, lease, and/or operate a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," "sales or rental establishment," and "service establishments").

36. At all times relevant to the action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

37. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

38. Title III of the ADA provides that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

39. Title III of the ADA provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

40. Title III of the ADA provides that "[i]t shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

41. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28

C.F.R. § 36.303(c)(1).

42. Title III of the ADA mandates that public accommodations "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

43. Pursuant to Title III of the ADA, Defendants have an affirmative duty to provide accommodations in the form of interpreters for Mr. Patterson so that he may enjoy the benefits of Defendants' services.

44. Defendants discriminated against Plaintiff, on the basis of his disability, in violation of Title III of the ADA and its implementing regulations.

45. As set out above, injunctive relief is warranted to ensure that Defendants' actions will not recur with Plaintiff and/or other deaf persons.

46. Plaintiff is therefore entitled to injunctive relief, nominal damages, and attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

### CLAIM II: Violations of the Unruh Act

47. Plaintiff incorporates by reference all preceding paragraphs and realleges them in support of this claim.

48. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

49. The Unruh Act further provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-

336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f); *see also* 28 C.F.R. §§ 35.160(b) & 35.164.

50.  Defendants violated the Unruh Act by discriminating against Plaintiff through violations of the ADA.

51.  Defendants have failed to implement policies, procedures, and training of staff necessary to ensure compliance with the Unruh Act.

52.  Plaintiff is entitled to injunctive relief; attorney's fees, costs, and disbursements; and compensatory damages for the injuries and losses he sustained as a result of Defendants' discriminatory conduct pursuant to Cal. Civ. Code § 52.

53.  Plaintiff is further entitled to seek and recover statutory, punitive, and/or exemplary damages to rectify and deter Defendants' discriminatory conduct as hereinbefore alleged, pursuant to Cal. Civ. Code § 52.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that the Court:

A.  Enter a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the Unruh Act;

B.  Issue an injunction forbidding Defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals or their companions, meaningful access to and full and equal enjoyment of Defendants' facilities, services, or programs;

C.  Issue an injunction ordering Defendants:

    i. to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an in-person interpreter to meaningfully access, enjoy, or participate in

        Defendants' services and amusement parks, one will be provided as soon as practicable in all services offered by Defendants;

  ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to ASL interpreters or other auxiliary aids. This notification will include posting explicit and clearly marked and worded notices that Defendants will provide sign language interpreters, videophones, and/or other communication services for deaf or hard of hearing persons;

  iii. to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing individuals are able to communicate through the most appropriate method under the circumstances;

  iv. to create and maintain a list of sign language interpreters and ensure availability of such interpreters at any time that Defendants' amusement parks are open to the public;

  v. to train all employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the Unruh Act.

D. Award to Plaintiff:

  i. Nominal damages;
  ii. Compensatory damages under the Unruh Act;
  iii. Statutory, punitive, and/or exemplary damages under the Unruh Act;
  iv. Reasonable costs and attorney's fees;
  v. Interest on all amounts at the highest rates and from the earliest dates allowed by law;
  vi. Any and all other relief that this Court finds necessary and

appropriate.

Dated: December 23, 2021            Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

*/s/ John K. Buche*
John K. Buche (SBN 239477) (Local Counsel)
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel: (858) 459-9111
Fax: (858) 430-2426
jbuche@buchelaw.com


Andrew Rozynski (seeking *pro hac vice*)
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 592-2875

*Attorneys for Plaintiff Melvin Patterson*