1

**AMARO | BALDWIN LLP**
Rudie D. Baldwin, Esq. (Cal. Bar No. 245218)

2

400 Oceangate, Suite 1125
Long Beach, California 90802

3

Telephone:  (562) 912-4157
Facsimile:  (866) 611-6619

4

rbaldwin@amarolawyers.com

5

6

Attorneys for Defendants,
SIX FLAGS THEME PARKS INC.;

7

SIX FLAGS ENTERTAININMENT CORP.;
and PARK MANAGEMENT CORP.

8

9

## UNITED STATES DISTRICT COURT

10

## EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

11

12

MELVIN PATTERSON

        Plaintiff,

13

v.

14

SIX FLAGS THEME PARKS INC.;
SIX FLAGS ENTERTAININMENT

15

CORP.; and PARK MANAGEMENT
CORP.,

16

17

        Defendants.

18

CASE NO: 2:21-cv-02398-KJM-AC

**DEFENDANTS, SIX FLAGS THEME PARKS, INC., SIX FLAGS ENTERTAINMENT CORP., AND PARK MANAGEMENT CORP.'S ANSWER TO FIRST AMENDED COMPLAINT**

Complaint Filed: December 27, 2021
Trial Date:  None

19

    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

20

    Defendants, SIX FLAGS THEME PARKS, INC., SIX FLAGS

21

ENTERTAINMENT CORP., AND PARK MANAGEMENT CORP. ("Defendants")

22

hereby answer the Complaint of Plaintiff, and asserts affirmative and other defenses as

23

follows:

24

    1.    As to Paragraph 1, Defendants are informed and believe that Plaintiff is

25

deaf and communicates primarily in American Sign Language ("ASL").

26

    2.    As to Paragraph 2, the paragraph does not contain allegations but rather

27

legal arguments and general discussions.

28

PATTERSON/

3.      As to Paragraph 3, denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

4.      As to Paragraph 4, Defendant, PARK MANAGEMENT CORP., operates and maintains Six Flags Discovery Kingdom in Vallejo, California.  Defendants deny any violations of any provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq., and/or the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51.  Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

5.      As to Paragraph 5, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

6.      As to Paragraph 6, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

7.      As to Paragraph 7, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Six Flags Discovery Kingdom did not have an appropriate policy to address accessibility matters, see the Six Flags Discovery Kingdom's Safety & Accessibility Guide.

8.      As to Paragraph 8, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Six Flags Discovery Kingdom did not have an appropriate policy to address accessibility matters, see the Six Flags

PATTERSON/

1  Discovery Kingdom's Safety & Accessibility Guide.

2      9.    As to Paragraph 9, the paragraph does not contain allegations but rather
3  assertions regarding the damages Plaintiff seeks. Defendants deny any violations of
4  any provisions of the ADA, and/or the Unruh Act.  Defendants deny that Mr.
5  Patterson was refused an ASL interpreter after making an appropriate and timely
6  request for accommodation to the Operations Office of Six Flags Discovery Kingdom,
7  per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

8      10.    As to Paragraph 10, Defendants are informed and believe that Plaintiff is
9  deaf and communicates primarily in ASL. Defendants otherwise deny the allegations
10  of this paragraph based on a current lack of sufficient information and knowledge.

11      11.    As to Paragraph 11, Defendant, PARK MANAGEMENT CORP.,
12  operates and maintains Six Flags Discovery Kingdom in Vallejo, California.
13  Defendants deny the other allegations of this paragraph based on a current lack of
14  sufficient information and knowledge.

15      12.    As to Paragraph 12, Defendant, PARK MANAGEMENT CORP.,
16  operates and maintains Six Flags Discovery Kingdom in Vallejo, California.
17  Defendants deny the other allegations of this paragraph based on a current lack of
18  sufficient information and knowledge.

19      13.    As to Paragraph 13, Defendant, PARK MANAGEMENT CORP.,
20  operates and maintains Six Flags Discovery Kingdom in Vallejo, California.
21  Defendants deny the other allegations of this paragraph based on a current lack of
22  sufficient information and knowledge.

23      14.    As to Paragraph 14, Defendants admit the allegations of this paragraph.

24      15.    As to Paragraph 15, Defendants admit the majority of the alleged acts or
25  alleged omissions that are pled in the operative Complaint took place within the
26  subject judicial District.  Defendants otherwise deny all other allegations with the
27  exception of PARK MANAGEMENT CORP. having sufficient contact with the

28

AMARO | BALDWIN LLP

District to subject it to personal jurisdiction.

16.    As to Paragraph 16, Defendants are informed and believe that Plaintiff is deaf and communicates primarily in ASL. Defendants otherwise deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

17.    As to Paragraph 17, Defendants are informed and believe that these allegations are true; however, the Complaint is ambiguous as to Plaintiff's "family".

18.    As to Paragraph 18, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

19.    As to Paragraph 19, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

20.    As to Paragraph 20, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

21.    As to Paragraph 21, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

22.    As to Paragraph 22, Defendants and informed and believe that Plaintiff visited Six Flags Discovery Kingdom on, or about, June 6, 2021. Defendants deny the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

23.    As to Paragraph 23, Defendants and informed and believe that Plaintiff visited Six Flags Discovery Kingdom on, or about, June 6, 2021. Defendants deny the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

24.    As to Paragraph 24, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

25.    As to Paragraph 25, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

26.    As to Paragraph 26, Defendants deny the allegations of this paragraph

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

AMARO | BALDWIN LLP

PATTERSON/

based on a current lack of sufficient information and knowledge.

27.   As to Paragraph 27, At the time of the alleged discrimination in June 2021 through September 2021, the written policy of Six Flags Discovery Kingdom was stated in the Park's Safety & Accessibility Guide, which could be obtained from the Six Flags Discovery Kingdom website at: https://www.sixflags.com/discoverykingdom/plan-your-visit/accessibility. Specifically, the Park's Safety & Accessibility Guide stated:

> *HEARING DISABILITIES: Assisted listening devices are available upon request. Please see Guest Relations for additional information. American Sign Language Interpreting will be available if requested at least 7 days in advance of your visit. To arrange for sign language interpreting services, please call the Operations Office at (707) 556-5377, Monday through Friday 9:00am to 5:00pm.*

Six Flags Discovery Kingdom could not be expected to respond to a specific request for accommodation, if a timely request was not made to the Operations Office at Six Flags Discovery Kingdom, as provided in the Park's Safety & Accessibility Guide.  Defendants otherwise deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

28.   As to Paragraph 28, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

29.   As to Paragraph 29, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

30.   As to Paragraph 30, Defendants admit the allegations in this paragraph, to the extent Plaintiff stated such information in an email, in part.

31.   As to Paragraph 31, Defendants admit the allegations in this paragraph, to the extent Plaintiff stated such information in an email, in part.

32.   As to Paragraph 32, Defendants admit the allegations in this paragraph,

PATTERSON/

to the extent Ava C. stated such information in an email, in part.

33.   As to Paragraph 33, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

34.   As to Paragraph 34, Defendants admit the allegations in this paragraph, to the extent Plaintiff stated such information in an email, in part.

35.   As to Paragraph 35, Defendants admit the allegations in this paragraph, with the exception of denying the allegation that Six Flags National Support Center Employee, April, did not respond to Plaintiff's "numerous requests for accommodation". To the contrary, April provided Mr. Patterson with a link (https://static.sixflags.com/website/files/sfdk_ada-guidelines.pdf) to the written policy of Six Flags Discovery Kingdom, which provided the Park's Safety & Accessibility Guide. As stated in the provided link/the Park's Safety & Accessibility Guide, the written policy of the Park was to provide American Sign Language Interpreting Services if a specific request to the Six Flags Discovery Kingdom Operations Office was made at least seven days in advance of the Park visit.

36.   As to Paragraph 36, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

37.   As to Paragraph 37, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Plaintiff stated, in part, the quoted information from his email.

38.   As to Paragraph 38, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Vibert stated, in part, the quoted information in an email.

39.   As to Paragraph 39, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Juliana stated, in part, the quoted information in an email.

40.   As to Paragraph 40, Defendants deny the allegations of this paragraph

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

PATTERSON/

based on a current lack of sufficient information and knowledge.

41.    As to Paragraph 41, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Juliana stated, in part, the quoted information in an email.

42.    As to Paragraph 42, Defendants admit the allegations in this paragraph, to the extent Plaintiff stated such information in an email, in part.

43.    As to Paragraph 43, Defendants admit the allegations in this paragraph, to the extent Juliana stated such information in an email, in part.

44.    As to Paragraph 44, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception of admitting that Plaintiff responded to Juliana on September 6, 2021 with the quoted information, in part, in an email.

45.    As to Paragraph 45, Defendants admit the allegations in this paragraph, to the extent Juliana stated such information in an email, in part.

46.    As to Paragraph 46, Defendants admit the allegations in this paragraph, to the extent Plaintiff participated in a video relay service call with Mercedes, who was an employee in the Operations Office of Six Flags Discovery Kingdom. Defendants otherwise deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

47.    As to Paragraph 47, Defendants admit that Mr. Patterson, on September 6, 2021, attempted to engage in the interactive process and requested an ASL interpreter for his upcoming visit on Saturday, September 11, 2021 by calling the Operations Office at Six Flags Discovery Kingdom; however, such was not a timely request per the Park's Safety & Accessibility Guide.  Defendants deny that Plaintiff stated to Mercedes, employee of the Operations Office at Six Flags Discovery Kingdom, that he had specific subsequently planned visits to Six Flags Discovery Kingdom on September 25, October 2, October 16, October 31, November 13, and/or

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

PATTERSON/

AMARO | BALDWIN LLP

November 27, 2021.

48.   As to Paragraph 48, Defendants deny the allegations of this paragraph based on the fact that these allegations misstate and mischaracterize the conversations between Plaintiff and Mercedes.

49.   As to Paragraph 49, Defendants deny the allegations of this paragraph based on the fact that these allegations misstate and mischaracterize the conversations between Plaintiff and Mercedes.

50.   As to Paragraph 50, Defendants deny the allegations of this paragraph based on the fact that these allegations misstate and mischaracterize the conversations between Plaintiff and Mercedes.

51.   As to Paragraph 51, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Plaintiff stated, in part, the quoted information in an email.

52.   As to Paragraph 52, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Juliana stated, in part, the quoted information in an email.

53.   As to Paragraph 51, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Plaintiff stated, in part, the quoted information in an email.

54.   As to Paragraph 54, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Plaintiff stated, in part, the quoted information in an email.

55.   As to Paragraph 55, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception to admitting that Juliana stated, in part, the quoted information in an email.

56.   As to Paragraph 56, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an

ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

57.    As to Paragraph 57, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

58.    As to Paragraph 58, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

59.    As to Paragraph 59, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

60.    As to Paragraph 60, Defendants deny any violations of any provisions of

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

PATTERSON/

the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

61.    As to Paragraph 61, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

62.    As to Paragraph 62, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

63.    As to Paragraph 63, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

64.    As to Paragraph 65, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six

PATTERSON/

Flags Discovery Kingdom's Safety & Accessibility Guide.

65. As to Paragraph 65, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide.

66. As to Paragraph 66, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

67. As to Paragraph 67, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, and further deny that Plaintiff stated to Mercedes, with the Operations Office at Six Flags Discovery Kingdom, that he had specific subsequently planned visits to Six Flags Discovery Kingdom on September 25, October 2, October 16, October 31, November 13, and/or November 27, 2021. Plaintiff never stated any specific date to the Operations Office of Six Flags Discovery Kingdom that he planned to visit the Park more than 7 days in the future of any call or request for accommodation.

68. As to Paragraph 68, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

69. As to Paragraph 69, Defendants deny any violations of any provisions of the ADA, and/or the Unruh Act. Defendants deny that Mr. Patterson was refused an ASL interpreter after making an appropriate and timely request for accommodation to the Operations Office of Six Flags Discovery Kingdom, per the policy stated in Six Flags Discovery Kingdom's Safety & Accessibility Guide. Defendants deny all other allegations of this paragraph based on a current lack of sufficient information and knowledge.

70. As to Paragraph 70, Defendants incorporate their responses to Paragraphs 1 through 69.

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

PATTERSON/

1
2
3

71.  As to Paragraph 71, Defendants admit that Title III of the ADA, 42 U.S.C. §12181, et seq has been in full force and effect but denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

4
5
6
7

72.  As to Paragraph 72, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge, with the exception that Defendant, PARK MANAGEMENT CORP., operates and maintains Six Flags Discovery Kingdom in Vallejo, California.

8
9

73.  As to Paragraph 73, Defendants deny the allegations of this paragraph based on a current lack of sufficient information and knowledge.

10
11
12

74.  As to Paragraph 74, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

13
14
15

75.  As to Paragraph 75, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

16
17
18

76.  As to Paragraph 76, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

19
20
21

77.  As to Paragraph 77, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

22
23
24

78.  As to Paragraph 78, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

25
26
27

79.  As to Paragraph 79, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

28

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

PATTERSON/

80.     As to Paragraph 80, Defendants deny the allegations of this paragraph.

81.     As to Paragraph 81, Defendants deny the allegations of this paragraph.

82.     As to Paragraph 82, Defendants deny the allegations of this paragraph.

83.     As to Paragraph 83, Defendants deny the allegations of this paragraph.

84.     As to Paragraph 84, Defendants incorporate their responses to Paragraphs 1 through 69.

85.   As to Paragraph 85, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

86.     As to Paragraph 86, this paragraph contains no allegations, but rather a statement of law. Defendants generally admit the paragraph accurately summarizes the statute cited, in part.

87.     As to Paragraph 87, this paragraph contains no allegations, but rather a statement of law. Defendants admit the paragraph accurately quotes the statute cited, in part.

88.     As to Paragraph 88, Defendants deny the allegations of this paragraph.

89.     As to Paragraph 89, Defendants deny the allegations of this paragraph.

90.     As to Paragraph 90, Defendants deny the allegations of this paragraph.

91.     As to Paragraph 91, Defendants deny the allegations of this paragraph.

As to Plaintiff's Prayer for Relief, Defendants deny each and every allegation and assertion contained in Plaintiffs' Prayer for Relief (Paragraphs "A" through "D").

Defendant asserts the following affirmative and other defenses:

FIRST AFFIRMATIVE DEFENSE: Defendants allege that each cause of action asserted in Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants as there is no specific provision under the American with Disabilities Act ("ADA") and its implementing regulations and standard requiring

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

PATTERSON/

Defendants to provide ASL interpreters.

SECOND AFFIRMATIVE DEFENSE: Defendants allege that each cause of action asserted in Plaintiff's Complaint fails to state facts sufficient to support a finding of statutory penalties against Defendants under the California Unruh Civil Rights Act because Defendants did not intentionally discriminate against Plaintiffs as required by the Unruh Act.

THIRD AFFIRMATIVE DEFENSE: Defendants allege the remedial measures asserted by Plaintiffs are not readily achievable.

FOURTH AFFIRMATIVE DEFENSE: Defendants allege that Plaintiffs did not actually encounter any barrier to access that unreasonably interfered with his participation in Six Flags Discovery Kingdom, and therefore Plaintiff is not entitled to injunctive or declaratory relief.

FIFTH AFFIRMATIVE DEFENSE: Defendants allege that none of the Defendants have intentionally discriminated against individuals with disabilities, such as Plaintiff, and therefore Plaintiff cannot claim exemplary damages under the Unruh Act.

SIXTH AFFIRMATIVE DEFENSE: Defendants allege that the Complaint and each alleged cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation.

SEVENTH AFFIRMATIVE DEFENSE: Defendants allege that the Complaint and each alleged cause of action contained therein is barred by the equitable doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE: Defendants allege that the Complaint and each cause of action contained therein is barred in whole or in party by the equitable doctrine of unclean hands.

NINTH AFFIRMATIVE DEFENSE: Defendants allege that Plaintiffs' claims are barred, in whole or in part, to the extent that at all times relevant Defendants were

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

PATTERSON/

in compliance with all statutes, regulations, and other laws in effect at the time of the conduct allegedly giving rise to Plaintiff's claims.

TENTH AFFIRMATIVE DEFENSE: Defendants allege that Plaintiff is entirely or partially barred from any recovery because of his failure to take reasonable and necessary steps to mitigate his alleged damages.

ELEVENTH AFFIRMATIVE DEFENSE: Defendants allege that Plaintiff has waived, expressly or by implication, his right to maintain the action filed in this case.

TWELFTH AFFIRMATIVE DEFENSE: Defendants allege that Plaintiff is estopped by action of law or by conduct from maintaining the action filed in this case against Defendants.

THIRTEENTH AFFIRMATIVE DEFENSE: Defendants reserve the right to assert other defenses as they become apparent or available, and to amend this Answer accordingly. No defense is being knowingly or intentionally waived. Defendants further reserves the right to assert additional, relevant affirmative defenses to the extent they become known through discovery

**WHEREFORE**, Defendant asks judgment as follows:

1. That Plaintiff takes nothing;

2. For costs of suit; and

3. For other proper relief.


DATED:  January 18, 2023

AMARO | BALDWIN LLP

By:_____

RUDIE D. BALDWIN
Attorneys for Defendants,
SIX FLAGS THEME PARKS INC.;
SIX FLAGS ENTERTAININMENT
CORP.; and PARK MANAGEMENT
CORP.

AMARO | BALDWIN LLP

PATTERSON/