UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Melvin Patterson, | No. 2:21-cv-02398-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Six Flags Theme Parks Inc., et al., | |
| Defendants. | |

Plaintiff Melvin Patterson applies ex parte to extend the deadline for dispositive motions in this action. ECF No. 44. The court previously ordered all dispositive motions to be *heard* by January 26, 2024. ECF No. 37. Patterson asks that all dispositive motions be *filed* by that date. ECF No. 44. Patterson does not explain the reason for his request, but he argues an extension will cause no prejudice and will permit the court and parties to narrow the issues for trial. Rozsynksi Decl. ¶¶ 8–12, ECF No. 44-1. The defense does not stipulate to an extension or join the request, but it has filed no opposition to the ex parte application, and the deadline for oppositions has passed.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* FRCP Bench Order, ECF No. 37 (restating this standard). In this context, "good cause" is primarily a measure of the requesting party's diligence. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Patterson has not

1

demonstrated good cause under that standard.  He has not explained why he cannot comply with the scheduling order despite his diligence or why he could not have requested a modification sooner.  The ex parte application (ECF No. 44) is therefore **denied without prejudice.**  Any renewed motion or request must be supported by a showing of good cause.

    IT IS SO ORDERED.

DATED:  January 18, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE