UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Melvin Patterson, | No. 2:21-cv-02398-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Six Flags Theme Parks, Inc. et al., | |
| Defendants. | |

Following a bench trial and the court's verdict largely in his favor, plaintiff Melvin Patterson moves for an award of attorneys' fees and costs. Defendants did not file a timely opposition but have moved the court to nevertheless consider their filing. For the reasons set forth below, defendants' motion for the court to consider their late filing is **granted**, and plaintiff's motion for fees and costs is **granted in part** and **denied in part.**

I.   BACKGROUND

The court incorporates by reference the background of this case from its Findings of Fact and Conclusions of Law, *see* Order (Nov. 15, 2024) at 2–8, ECF No. 84, and only reiterates facts necessary for the resolution of the current order.[1] In his complaint, plaintiff alleged defendants violated Title III of the American with Disabilities Act (ADA), 42 U.S.C. § 12181–12189, and

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

California's Unruh Civil Rights Act (Unruh Act), Cal. Civ. Code § 51, when they repeatedly denied plaintiff's request for an American Sign Language (ASL) Interpreter for planned visits to defendants' theme park Six Flags Discovery Kingdom.

Since the filing of the initial complaint in 2021, *see* Compl. at 1, ECF No. 1, plaintiff has been represented by Andrew Rozynski, a partner at the New York firm of Eisenberg & Baum, *see* Mot. at 9–10, ECF No. 89. Mr. Rozynski has litigated over 300 deaf or hearing-impaired discrimination cases throughout the country, including before the United States Supreme Court. Rozynski Aff. ¶¶ 9–11, ECF No. 89-1. He also has a unique skillset for communicating with deaf clients as he is fluent in ASL and has communicated his entire life with deaf parents. *See id.* ¶ 4. Partner David John Hommel also briefly worked on the case. *See* Mot. at 8. Hommel clerked as a term clerk for a district judge in the Eastern District of New York, and later served as a court law clerk in the same district. *See* Rozynski Aff. ¶ 13. He has worked at the Eisenberg & Baum for six years; he is the director of the appellate advocacy group at the firm, and has experience litigating discrimination cases, including disability discrimination. *See id.* ¶¶ 12–15. Reyna Lubin, another partner at Eisenberg & Baum, was the lead trial attorney on the case. *See* Trial Tr. Day One, ECF No. 82; Trial Tr. Day Two, ECF No. 83. Lubin has eight years' experience, regularly sits first chair at trials, and has extensive experience litigating discrimination cases in federal court. *See* Rozynski Aff. ¶¶ 16–17. Andrew Clark, a senior associate at the firm, also worked on the case and attended trial. *See* Rozynski Aff. ¶¶ 18–20; *id.* Ex. A (Pl.'s Billing Records) at 29, ECF No. 89-2. Clark has seven years' experience and regularly writes briefs and conducts and defends depositions for the firm. *See* Rozynski Aff. ¶¶ 18–20. Sheryl Eisenberg-Michalowski is a deaf liaison with the firm who was in charge of communicating with the plaintiff throughout the case. *See id.* ¶ 21. Bailey Plew and Oona Dederer, paralegals at the firm, both worked on the case as well. *See id.* ¶ 22.

After the bench trial in October 2024, the court found defendants had violated both the ADA and the Unruh Act and awarded plaintiff damages, injunctive relief and attorneys' fees. *See* Order (Nov. 15, 2024). The court declined to award plaintiff declaratory relief or punitive damages. *See id.* The court ordered plaintiff to file a motion for attorneys' fees within ninety

2

1  days.  Plaintiff filed his motion, seeking $185,420 in fees for 414.70 hours worked as well as
2  $17,667.19 in litigation-related costs.  *See* Mot. at 6.  Plaintiff also filed an affidavit signed by
3  counsel Mr. Rozynski, detailing the experience and expertise of the lawyers and paralegals who
4  worked on the case, *see* Rozynski Aff., plaintiff's counsel's billing records, *see* Pl.'s Billing
5  Records, and a cost report that includes receipts for travel, food, and other litigation-related
6  expenses, *see id.* Ex. B (Pl.'s Cost Rep.), ECF No. 89-3.

7        Defendants did not file a timely opposition.  According to the local rules of this District,
8  oppositions must be filed within 14 days of the filing of a motion.  *See* E.D. Cal. L.R. 230(c).  A
9  month after plaintiff filed his motion for attorneys' fees, defendants filed a motion for an
10 extension to file their opposition.  *See* ECF No. 92.  Within the same filing, defendants submitted
11 the declaration of their counsel, Rudie Baldwin, who claims the mistake was a result of excusable
12 neglect as he was inadvertently following the local rules of the Central District of California for
13 filing an opposition brief instead of the Eastern District's rules.  *See* Baldwin Timeliness Decl.
14 ¶ 3.  Plaintiff opposes granting defendants' motion for an extension of time, arguing in relevant
15 part that defendants' past delaying tactics have prejudiced plaintiff by causing plaintiff financial
16 harm.  *See* Pl.'s Opp'n at 6, ECF No. 95.

17       To determine whether the excusable neglect standard has been satisfied to allow an
18 untimely filing, this court examines the following factors: (1) the danger of prejudice to the
19 opposing party, (2) the length of the delay and its impact, (3) the reason for the delay, and
20 (4) whether the requesting party acted in good faith.  *See Rodriquez v. USF Reddaway, Inc.*,
21 No. 2:22-cv-00210, 2022 WL 18012518 at*6 n.1 (E.D. Cal. Dec. 29, 2022).  Here, the court finds
22 plaintiff has not been prejudiced by the delayed filing of an opposition to his motion for
23 attorneys' fees.  While the court eventually submitted the motion, it had originally scheduled the
24 motion to be heard on its June 26, 2025, Law and Motion Calendar.  *See* Min. Order (Feb. 13,
25 2025), ECF No. 90.  The court was not going to determine the motion before June 26, 2025, and
26 plaintiff had sufficient time before the then-scheduled hearing to file a reply.  *See* E.D. Cal. L.R.
27 230(d) (giving moving party ten days to file reply after opposition filed).  Thus, plaintiff was not
28 prejudiced by the delay because he was not rushed to file a reply nor because the delay has

1  prevented the court from resolving the motion materially earlier than it does here.  As plaintiff has
2  not shown he was prejudiced by the delay, the court finds good cause to consider defendants'
3  opposition to plaintiff's motion for attorneys' fees.
4          Defendants filed their opposition on March 18, 2025.  *See* Opp'n, ECF No. 93.  Within the
5  same document as the opposition brief, defendants' counsel Rudie Baldwin has submitted a
6  declaration and identifies with particularity those billing entries of plaintiff's counsel defendants
7  argue the court should reduce or strike in making an award of fees and costs.  *See* Baldwin Decl.
8  at 19–42.  Defendants do not dispute that plaintiff prevailed in all material respects as relevant to
9  this motion.  Among their many arguments for striking or reducing plaintiff's proposed fees and
10 costs, defendants aver in one instance that email exchanges on October 21, 2022, in a meet and
11 confer over defendants' motion to dismiss, took less long than plaintiff's counsel recorded in their
12 billing record.  *See* Opp'n at 14; Baldwin Decl. ¶ 15.  Defendants also point out plaintiff has not
13 provided three receipts for travel and hotel costs.  *See* Opp'n at 16.  In his reply, plaintiff's
14 counsel has submitted and  verified emails relating to his meet and confer with defendants'
15 counsel on the date in question, arguing those emails show plaintiff's billing record is in fact
16 accurate.  *See* Rozynski Supp. Aff. ¶¶ 3–4, ECF No. 99-1; Pl.'s Email Corr., ECF No. 99-2.
17 Plaintiff has also provided an amended cost report that provides the missing receipts.  *See* ECF
18 No. 99-3.  The matter is now fully briefed.  *See* Mot.; Opp'n; Reply.  As noted, the court took the
19 matter under submission without hearing oral argument.  *See* E.D. Cal. L.R. 230(g).

**II.     ANALYSIS**

Plaintiff seeks $185,420.00 in attorney's fees based on an asserted 414.70 hours of work as well as $17,667.19 in costs.  Mot. at 6.  Defendants argue the fees and costs should be reduced by some amount between $43,395 to $53,785.  *See* Opp'n at 18.  The court analyzes each category in turn.

      **A.     Attorney's Fees**

Both the ADA and the Unruh Act permit recovery of fees by a "prevailing" plaintiff. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  Such fee-shifting statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of

4

1  specific federal laws." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546,
2  565 (1986). They are not intended "to punish or reward attorneys." *Van Gerwen v. Guarantee*
3  *Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000). Because plaintiff here has obtained
4  "substantial relief" on "related" claims based on "a common core of facts or . . . related legal
5  theories," the court may award full fees under either the ADA or Unruh Act claim and need not
6  distinguish between the fees awarded under either or both. *See Schwarz v. Sec'y of Health &*
7  *Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424,
8  440 (1983)); *see also El–Hakem v. BJY Inc.*, 415 F.3d 1068, 1075–76 (9th Cir. 2005).
9      To calculate recoverable fees, both federal and state courts look to the lodestar. *Hensley*,
10 461 U.S. at 433; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001). The lodestar is
11 "strong[ly] presum[ed]" to represent a reasonable fee. *Pennsylvania v. Del. Valley Citizens'*
12 *Council for Clean Air*, 478 U.S. 546, 565 (1986); *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044
13 (9th Cir. 2016). The court arrives at this lodestar figure by multiplying the number of hours
14 reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th
15 at 1131–32. The court must articulate "the reasons for its findings regarding the propriety of the
16 hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to
17 the lodestar." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001) (quoting
18 *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

          **1.    Reasonable Hourly Rate**

20     Plaintiff seeks $550 per hour for Mr. Rozynski, $500 per hour for Mr. Hommel, $500 per
21 hour for Ms. Lubin, $350 per hour for Mr. Clark, $150 per hour for Ms. Eisenberg-Michalowski,
22 and $150 per hour for each paralegal, Ms. Plew and Ms. Dederer. *See* Mot. at 8–9. When
23 assessing reasonable hourly rates, courts look to "the prevailing market rates charged by attorneys
24 in the relevant community engaged in equally complex Federal litigation." *Maldonado v. I.C.*
25 *System, Inc.*, No. 23-00186, 2024 WL 1092913, at *3 (E.D. Cal. Mar. 13, 2024) (internal
26 quotations and citation omitted). "[T]he relevant community is the forum in which the district
27 court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (internal

5

quotations and citation omitted). Here, the relevant community is the area served by the Sacramento courthouse in the Eastern District of California.

In recent disability access cases, courts in the Eastern District of California have commonly awarded attorneys an hourly rate ranging from $300 to $550. *See, e.g.*, *Wagnon v. Rocklin Unified Sch. Dist.*, No. 17-01666, 2025 WL 1569210, at *5 (E.D. Cal. June 3, 2025) (awarding a $450 hourly rate for partners, $350 hourly rate for associates, and $75 hourly rate for paralegals); *Sellers v. Kaur*, No. 23-0337, 2024 WL 4625943, at *2 (E.D. Cal. Oct. 30, 2024) (granting a requested $300 hourly rate to the attorney and $115 hourly rate to the paralegals; *Hernandez v. Welcome Sacramento, LLC*, No. 20-02061, 2024 WL 4520145, at *3 (E.D. Cal. Oct. 17, 2024) (same); *Z.F. by & through M.A.F. J.F. v. Ripon Unified Sch. Dist. (RUSD)*, No. 10-0523, 2017 WL 1064679, at *3 (E.D. Cal. Mar. 21, 2017) (finding hourly rates in the Eastern District of California are between $350 and $550 "for experienced attorneys with over 15 years of experience in civil rights and class action litigation").

More generally, courts in the Eastern District have approved a wide range of hourly rates for complex civil litigation. *See Goodson v. Cnty. of Plumas*, No. 18-03105, 2024 WL 99847, at *3–4 (E.D. Cal. Jan. 9, 2024) ("To say there is unanimity regarding what reasonable rates are is impossible, however, given the range of rates judges approve."). Attorneys with multiple decades of experience have been awarded hourly rates between $650 and $750. *See id.,* at *4; *Anderson v. Safe Streets USA, LLC*, No. 18- 00323, 2024 WL 4826446, at *3 (E.D. Cal. Nov. 19, 2024). Hourly rates between $400 and $500 are typical for attorneys with approximately ten years' experience. *See United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, No. 15-00799, 2025 WL 406589, at *4–5 (E.D. Cal. Feb. 5, 2025); *Diaz v. United Parcel Serv., Inc.*, No. 22-00246, 2023 WL 8622325, at *17 (E.D. Cal. Dec. 13, 2023). Attorneys with five years or less of experience typically have been granted hourly rates between $300 and $400. *See Anderson*, 2024 WL 4826446, at *3; *Diaz*, 2023 WL 8622325, at *17. Paralegals are reasonably compensated between $100 and $250 per hour, depending on experience. *See, e.g.*, *Mostajo v. Nationwide Mut. Ins. Co.*, No. 17-00350, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023); *Rosenof v. Kijakazi*, No. 20-01491, 2022 WL 2442235, at *3 (E.D. Cal. July 5, 2022).

Here, the court finds the rates requested by plaintiff's litigation team to be reasonable for each attorney and paralegal. First, defendants do not object to these rates. Second, although Mr. Rozynski, Mr. Hommel and Ms. Lubin request hourly rates near the higher end of what is typically awarded for attorneys at their experience levels, the court finds their rates of $550 and $500, respectively, are reasonable given their specialized expertise with clients who are deaf and with complex litigation alleging discrimination. *See* Rozynski Aff. Mr. Clark, Ms. Eisenberg-Michalowski, Ms. Plew and Ms. Dederer all request hourly rates within the range typically approved for attorneys and paralegals with their levels of experience. Thus, the court grants the requested rates for all Eisenberg & Baum employees who worked on this matter.

### 2. Reasonable Hours

The next step in the lodestar calculation is determining the "reasonable number of hours for which the prevailing party should be compensated." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The court generally defers to the prevailing party's professional judgment as to the time required to spend on the case, particularly when as here the lawyers accept representation on a contingency basis. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (reasoning "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees"). However, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). Defendants make a variety of arguments for excluding hours billed by plaintiff's counsel. The court considers each below.

#### a) Block Billing

Defendants argue plaintiff's counsel inappropriately block billed for several of their entries. *See* Opp'n at 4–5 (citing *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957 (N.D. Cal. 2014); and *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216 (9th Cir. 2010)). "Block billing is the aggregation of time spent on a case into 'blocks' rather than task-by-task divisions." *Sutton v. Metro. Life Ins. Co.*, No. 20-0698, 2022 WL 2177123, at *3 (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007)). Block billing "makes it more difficult to determine how much time was spent on particular activities." *Id.* (quoting *Welch*, 480 F.3d at

7

1   948)). Here, the court has reviewed the entries defendants challenge and finds they do not
2   obscure counsel's request for fees. *See, e.g.*, Pl.'s Billing Records at 12 ("Revise and Finalize
3   Final Draft and File" (entry for Nov. 4, 2022)).

          b)  Overstated or Excessive Billing

5     Next, defendants contend that Ms. Eisenberg-Michalowski's billing entries are overstated
6   and should either be reduced or struck as a consequence. *See* Opp'n at 5–6. They argue her
7   billing entries are suspicious because they are logged in half-hour increments. *See* Baldwin Decl.
8   ¶ 3. Effectively, defendants are arguing Ms. Eisenberg-Michalowski has employed an artificial
9   floor in recording her time entries. But that argument is speculative. *See Sutton*, 2022 WL
10  2177123, at *3 (denying defendant's request to reduce plaintiff's counsel's billed hours based on
11  an "artificial floor" argument). "Plaintiff's counsel . . . is not required to record in great detail
12  how each minute of his time was expended." *Hensley*, 461 U.S. at 437. The court thus declines
13  to strike or reduce Ms. Eisenberg-Michalowski's billed time, which amounts to 50.10 hours,
14  because she billed in half hour increments.

          c)  Double or Duplicative Billing

16    Defendants also contend twenty of plaintiff's counsel's billed entries are duplicative. *See*
17  Baldwin Decl. ¶ 4. In response, plaintiff has withdrawn two entries, for February 1, 2022, and
18  December 24, 2024, deducting 3.1 hours and $1,705 in fees from the amount he requests. *See*
19  Reply at 7. Plaintiff argues the rest of the entries should stand. *See id.* The court agrees the 3.1-
20  hour deduction is appropriate and finds the remaining entries are not duplicative. the court
21  discerns no instances in which multiple attorneys bill for the same meeting as defendants suggest.
22  *See* Opp'n at 6–7. Rather, an attorney and Ms. Eisenberg-Michalowski as interpreter both bill for
23  meetings with Patterson, reflecting their unique roles in counseling and representing plaintiff.
24  Working with clients who are deaf increases the cost of litigation, as a firm needs specialized
25  technology and must employ persons with sign language communication skills to work with their
26  clients. *See Tarango v. City of Bakersfield*, No. 16-0099, 2017 WL 5564917, at *5 (E.D. Cal.
27  Nov. 20, 2017) noting deaf clients often choose counsel with offices that provide
28  "accommodations, including sign language interpreters and videophones as well as an attorney

8

fluent in sign language and a deaf client liaison"). The law recognizes the need for specialized interpreters in this type of case, as reflected in the requirement that this court provide—as it did— ASL interpretration services throughout trial, one of the rare instances in a civil case that requirement applies. *See* 28 U.S.C. § 1827(l). Defendants also argue it is "doubtful that [p]laintiff spent [approximately] three hours preparing for trial" two days in a row. Opp'n at 7. Based on its own experience reviewing cases such as this one, the court does not find the time plaintiff spent preparing for trial excessive, given that he was the key witness. In fact, overall the time expended appears quite modest. The court finds no reason to not defer to plaintiff's counsel's professional judgment with respect to how much time they needed to prepare with plaintiff for trial. *See Moreno*, 534 F.3d at 1112. Thus, the court reduces the amount plaintiff originally requested to the amount as reflected by his modified request, withdrawing the 3.1 hours and $1,705 in fees.

      d)  Unrelated Billing Entries

  Defendants also argue plaintiff has inappropriately billed three entries, collectively comprising 1.4 hours, for communications and tasks unrelated to the case. *See* Opp'n at 7–8; Baldwin Decl. ¶ 5. Plaintiff has agreed to withdraw two of the entries for Ms. Eisenberg-Michalowski, comprising one billable hour for $150, and the court finds that reduction reasonable. *See* Reply at 7. That leaves one 0.4 hour entry in dispute. *See id.*; Baldwin Decl. ¶ 5. Defendants believe this entry is related to another one of Rozynski's cases, *Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959 (9th Cir. 2019). Opp'n at 8. Although this was one of Rozynski's prior cases, plaintiff points out the parties litigated the relevance of *Tauscher's* holding at the motion to dismiss stage in this case. *See* Reply at 7–8. The court finds this explanation reasonable and does not strike the 0.4 hour entry related to plaintiff's counsel's *Tauscher* research.

      e)  Intra-Office Conferences

  Defendants further argue plaintiff has unjustifiably billed for intra-office conferences. *See* Opp'n at 8–9. In support, they cite *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007). *Id*. In *Welch*, the Ninth Circuit held the district court did not abuse its discretion in

9

striking an attorney's hours where all the time he spent on the case was for intra-office conferences. *See Welch*, 480 F.3d at 949. However, district courts generally allow billing by multiple attorneys for intra-office conferences when the billing is not excessive. *See, e.g.*, *Maldonado v. I.C. System, Inc.*, No. 23-00186, 2024 WL 1092913, at *6 (E.D. Cal. Mar. 13, 2024) (declining to strike 2.8 hours spent on intra-office conferences because they were not "excessive"). Here, defendants contest 1.6 hours of Rozynski's time in attorney conferences.[2] *See* Baldwin Decl. ¶ 6. Unlike the time the court struck in *Welch*, the time Rozynski billed for these meetings represents a small fraction of the total time spent litigating this case. Additionally, there is only one instance, September 17, 2024, and only for one hour, for which plaintiff's bills reflect more than one attorney per meeting. *See id.* The court does not find the hour spent on the September 17 pretrial meeting to be excessive or duplicative. Moreover, the purpose of the meetings is reasonably tied to litigating the case.

        f)        Training

Next, defendants request that 15.60 hours they assert plaintiff's counsel billed for training and providing feedback be stricken. *See* Opp'n at 9–10 (citing *Bark v. Northrop*, 300 F.R.D. 486, 494 (D. Or. 2014) (reducing billed hours when "substantive work could have been more expediently completed by more experienced counsel")). But there is no evidence the 15.60 hours were spent on training. As plaintiff points out, defendants are actually highlighting billed hours where one attorney reviewed and provided feedback on a draft motion written by another. *See* Reply at 8; *see, e.g.,* Pl.'s Billing Records at 12 ("Review and Draft and Review and Provide Feedback for MTD" (entry for Nov. 3, 2022)). "[I]t is not unreasonable for an attorney to review the work of another attorney where a filing is important or complex." *LYMS, Inc. et al. v. Millimaki et al.*, No. 08-1210, 2014 WL 12695754, at *8 (S.D. Cal. Mar. 25, 2014). The court declines to strike any of the 15.60 billed hours.

---

[2] Defendants erroneously included Rozynski's 10/25/2022 entry twice in their table of the entries they challenge. *See* Baldwin Decl. ¶ 6. The court counts the 10/25/2022 entry only once, as this is the way it is logged in plaintiff's billing records. *See* Pl.'s Billing Records at 11.

                g)       Billing for Trial

Defendants further argue that plaintiff's billing for trial is unreasonably excessive. *See* Opp'n at 10–12. They contend Mr. Clark's trial hours should be stricken because he only introduced himself at trial and did not otherwise meaningfully participate. *See* Opp'n at 10; Baldwin Decl. ¶¶ 8–9. Plaintiff counters that Mr. Clark's presence at trial was necessary because he took notes, discussed strategy and prepared a letter to the court clarifying the witness schedule for the September 26, 2024 trial date. *See* Reply at 8–9; Pl.'s Billing Records at 29. Certainly, "multiple attorneys may be essential for planning strategy, eliciting testimony or evaluating facts or law, including at trial." *See Donastorg v. City of Ontario*, No. 18992, 2021 WL 6103545, at *11 (C.D. Cal. Sept. 23, 2021). Nevertheless, plaintiff has not fully shown why a third attorney was necessary to observe the entire trial, or that the third attorney was serving in the role of litigation counsel the entire time. *See I.H. v. California*, 2025 WL 1158975, at *12 (E.D. Cal. Apr. 21, 2025) (reducing billed hours for third attorney who observed but did not participate in trial); *Quevedo v. New Albertsons, Inc.*, No. 13-1160, 2015 WL 10939716, at *4–5 (C.D. Cal. May 27, 2015) (same). While the court will not strike Mr. Clark's hours, it will reduce his billed hours by applying a 10 percent "haircut" given the tasks he performed. *See Moreno*, 534 F.3d at 1112 (district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation"). Defendants also seek to strike Ms. Lubin's billed hours because she made a typographical mistake: billing for a September 25, 2024, date as the second day of trial when that date should have been September 26, 2024. *See* Opp'n at 11–12; Pl.'s Billing Records at 29. As defendants elsewhere acknowledge, Ms. Lubin played a pivotal role in the trial. the court declines to strike the hours for a simple typographical error, when there is no indication Ms. Lubin double-billed for the time she spent in trial. *See* Opp'n at 11 (noting Ms. Lubin "heavily participated in the trial"). Thus, the court reduces only Mr. Clark's billables by 1.6 hours and $560.

                h)       Travel

Next, defendants, without citing a case, argue Rozynski's travel from New York to Sacramento for a final pretrial conference and trial should be stricken or reduced. Opp'n at 12–

11

13. Courts in this District recognize travel time is compensated at an attorney's normal hourly rate. *See Smith v. General Info. Servs, Inc.*, No. 17-0542, 2019 WL 2106171, at *5 (E.D. Cal. May 14, 2019). This court typically expects counsel who will try a case to be present personally for a final pretrial conference. Nevertheless, plaintiff has voluntarily offered to reduce by half Rozynski's travel time, lowering his billed amount for this purpose by 8.5 hours and $4,675. *See* Reply at 9, 10 n.3. The court accepts this modification and so reduces Rozynski's billed amount in this respect by 8.5 hours and $4,675.

                i)      Clerical Work

Defendants argue plaintiff has erroneously billed for clerical work. Opp'n at 13–14 (citing *Bark v. Northrup*, 300 F.R.D. 486, 494 (D. Or. 2014) ("Tasks that are secretarial or clerical in nature, such as proofreading . . . are not compensable because they are overhead and thus already reflected in the hourly billing rate." (quoting *Prison Legal News v. Umatilla County*, 12-1101, 2013 WL 2156471, at *9 (D. Or. May 16, 2013)). Plaintiff withdraws these entries in his reply. *See* Reply at 9. The court accepts this modification and so strikes .6 hours and $330 from Mr. Rozynski's original billed amount, 4.9 hours and $735 from Ms. Dederer's original billed amount, 9.4 hours and $1,410 from Ms. Plew's original billed amount, and 4 hours and $600 from Ms. Eisenberg-Michalowski's original billed amount.

                j)      October 21, 2022, Communications

Defendants contend Mr. Rozynski overbilled for an October 21, 2022, meeting with defense counsel. *See* Opp'n at 14. Defendant billed 1.2 hours for this meeting, while plaintiff billed 2.7 hours. *Compare* Defs.' Opp'n Ex. B at 2, ECF No. 93-2, *with* Pl.'s Billing Records at 11. Plaintiff accounts for this discrepancy by stating this time was spent correcting a transcript and exchanging a series of emails with defense counsel regarding the meeting. *See* Rozynski Supp. Aff. ¶ 3, ECF No. 99-1. Plaintiff attaches the corresponding emails to his reply. *See* Pl.'s Email Corr. The court is satisfied with the evidence plaintiff has now provided as it shows he spent time exchanging emails with defendants' counsel and spent considerable time correcting errors made by defendants' counsel when they copied and pasted into a previous email a portion of a critical transcript of a video phone call made between plaintiff and Six Flags, where plaintiff

12

1  had made a request for an accommodation for his disability and was denied. *See* Rozynski Supp.
2  Aff. ¶ 3; Pl.'s Email Corr. The court thus finds the 2.7 hours Mr. Rozynski billed on October 21,
3  2022, to be reasonable.

          k)      Lack of Subject Matter

5        Finally, defendants argue three entries for "Meeting with Client" are vague. *See* Opp'n at
6  14–15. They assert these three entries should be stricken, with a deduction of 2.70 hours and
7  $1,485 from the amount to be awarded plaintiff. *Id.* at 15. Plaintiff objects to the reduction but
8  cites no authority for the court not to strike these entries. The court agrees these entries are
9  vague. However, a twenty percent haircut is more appropriate than striking these entries in full
10 given that defendants do not dispute counsel met with plaintiff for this amount of time. *See*
11 *Murray v. Portfolio Recovery Assocs.*, LLC, No. 22-01449, 2024 WL 4495156, at *5 (E.D. Cal.
12 Oct. 15, 2024) (collecting cases). Thus, the court deducts 0.54 hours and $297 in fees from the
13 amount it will award plaintiff.

    **B.**    **Total Fee Award**

15       Based on the reductions made above, the court calculates the appropriate amount of fees
16 to award plaintiff as follows:

| Person | Rate Requested | Billed Hours | Final Adjusted Hours | Total |
|---|---|---|---|---|
| Rozynski | $550 | 234.00 | 221.26 | $121,693 |
| Hommel | $500 | 10.80 | 10.80 | $ 5,400 |
| Lubin | $500 | 32.50 | 32.50 | $ 16,250 |
| Clark | $350 | 72.30 | 70.70 | $ 24,745 |
| Eisenberg-Michalowski | $150 | 50.10 | 45.10 | $ 6,765 |
| Plew | $150 | 9.80 | 0.40 | $ 60 |
| Dederer | $150 | 5.20 | 0.30 | $ 45 |
| | | | | **$174,958** |

17       Accordingly, the total amount of fees the court will award is $174,958.

    **C.**    **Costs**

19       Costs are generally awarded to the prevailing party in a civil action as a matter of course
20 unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs

1   to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579–80 (9th Cir. 2010). In an action under the ADA, the prevailing party is entitled to recover, in addition to "a reasonable attorney's fee," "litigation expenses, and costs," which can include travel expenses. *See* 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); *see also McCarty v. Humphrey*, No. 13-0431, 2016 WL 4899194, at *6 (E.D. Cal. Sept. 15, 2016) (awarding $8,590.94 in filing fees and service costs).

Here, plaintiff seeks costs incurred for service fees, filing fees and other litigation expenses. *See* Mot. at 13; Pl.'s Cost Rep. Defendants object to $4,383.15 in litigation expenses. Opp'n at 16. First, they argue plaintiff's entry for travel expenses related to a March 2024 pre-trial conference is misstated. *Id.*; Baldwin Decl. ¶ 20. Plaintiff responds stating that his requested cost of $228.10 "is (inadvertently) much lower than what the receipts show" and should stand. Reply at 10. The court agrees with plaintiff and notes he has not asked for an upward adjustment. The receipts counsel has provided show that costs related to travel for the pre-trial conference totaled over $1,000. *See* Pl.'s Cost Rep. at 4–13. The court does not disturb plaintiff's original request for $228.10.

Next, defendants argue that costs for a flight and hotel booking in September 2024 were unsubstantiated in plaintiff's original motion for fees and costs. Opp'n at 15–16. Plaintiff admits these receipts were not included and attaches them in his reply. *See* Reply at 10; Sept. 2024 Receipts Ex. B, ECF No. 99-3. These receipts accurately reflect the costs requested in plaintiff's original motion. Thus, the court does not strike or reduce the $4,155.05 in costs for the September 2024 flight and hotel booking.

Finally, plaintiff seeks a $173.86 reimbursement for a dinner following trial presumably for plaintiff's trial team of three. Pl.'s Cost Rep. at 2. Apparently, after trial concluded on September 26, 2024, plaintiff's trial team went to the Sacramento restaurant Yardhouse, a casual, mid-tier establishment, for what appears to be dinner preceded by hors-d'oeuvres, with drinks. *See id.* at 57–58. There does not appear to be binding Ninth Circuit precedent on the question whether attorneys' meals are compensable as a reasonable litigation expense under the ADA and

14

plaintiff cites none. District courts in other circuits are divided on the question. *See Zablotney v. Windbar Hospital, Inc.*, No. 22-0032, 2024 WL 4344698, at *14–15 (W.D. Pa. Sep. 30, 2024) (food is a reasonable litigation expense); *Miles v. Walmart Assocs., Inc.*, NO. 19-0756, 2022 WL 275520, at *6 (N.D. Ala. Jan. 28, 2022) (same); *but see Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 480, 499–500 (D.N.J. 1998) (food not a compensable expense under the ADA). Even if it were compensable, a fair principle is that the cost of the food would need to be reasonable in price and the meal necessarily related to the litigation. *See Miles*, 2022 WL 275520, at *6 (awarding costs for work lunches but not for dinners with no apparent litigation purpose). Here, the dinner was relatively expensive, averaging roughly $60 per person. *See* Pl.'s Cost Rep. at 57–58. It took place after trial had ended, meaning it was not necessary to fuel further litigation work later that evening. While the court recognizes counsel attended trial from out of town, and could not return home that evening, it does not find it reasonable to have defendants pay the amount requested in this respect.

The court accordingly reduces the cost award to $17,493.33, after striking the $173.86 for the post-trial dinner.

### III.  CONCLUSION

Defendants' motion for an extension of time to file an opposition is **granted**, retroactively. Plaintiff's motion for attorneys' fees is **granted in part** and **denied in part** as described above. Plaintiff is awarded $174,958 in fees and $17,493.33 in costs. Defendants shall pay these amounts to plaintiff's counsel within 14 days of the filed date of this order.

This order resolves ECF Nos. 89, 92.

IT IS SO ORDERED.

DATED: September 9, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE